

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6577 | **DATE** | 5/22/2002 |
| **CASE TITLE** | The Marvel Group, Inc., vs. Modular Interiors | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion to Transfer

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Before the court is Defendant's motion to transfer [5-1]. Defendant's motion is granted. The clerk shall transfer this case to the Eastern District of Texas. It is so ordered.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 2 4 2002 | |
| | Notified counsel by telephone. | | date docketed | 10 |
| ✔ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DOCKETED
MAY 2 4 2002

THE MARVEL GROUP, INC., )
)
Plaintiff, )
) No. 01 C 6577
v. )
) HONORABLE CHARLES R. NORGLE SR
)
MODULAR INTERIORS, )
)
Defendant. )

## OPINION AND ORDER

**Charles R. Norgle Sr., District Judge:**

Before the court is Defendant's motion to transfer venue. For the following reasons, the court grants the motion to transfer and orders the clerk to transfer this case to the Eastern District of Texas.

## I. BACKGROUND [1]

This diversity case involves a claim for breach of contract. The case was originally filed in the state court of Illinois and removed to the federal court pursuant to 28 U.S.C. § 1441 based on the diversity of the parties. Plaintiff, the Marvel Group, Inc., ("Marvel"), is an Illinois corporation engaged in the business of manufacturing and selling office furniture. Defendant, CSS Financial Inc., is a Texas corporation d/b/a Modular Interiors ("Modular"). Modular is engaged in the business of designing and installing modular office furniture. Modular entered into an agreement for goods with a representative of Marvel in Texas. The agreement set forth the terms and conditions of the transaction as well as the relative state law, Illinois, that would apply. It is the terms of the

---

[1] The background information is taken from Plaintiff's complaint as well as Defendant's motion to transfer and Plaintiff's response to the motion.

agreement and their applicability to this situation that are the crux of the dispute. On August 30, 2001, Modular filed a motion to transfer the case to the Eastern District of Texas.

## II. DISCUSSION

A district court may transfer a case pursuant to 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). Under § 1404(a), transfer is proper if: (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) the transfer is in the interest of justice. See Boyd v. Snyder, 44 F.Supp. 2d 966, 968 (N.D. Ill. 1999). The moving party bears the burden of demonstrating that the transferee forum is the more convenient part. See id.; see also Heller Fin., Inc. v. Midwhey Power Co. Inc., 883 F.2d 1286, 1293 (7th Cir. 1989). "The weighing factors for and against transfer necessarily involves a large degree of subtlety and latitude, and therefore, is committed to the sound discretion of the trial judge." Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir. 1986).

### A. Venue

The parties do not dispute that venue is proper in both the Northern District of Illinois and the Eastern District of Texas. The action could have been brought in Texas because under 28 U.S.C. § 1397(a)(1), venue is proper in " a judicial district where any defendant resides." However, still in contention is whether the transfer will serve the convenience of the parties and witnesses and the interests of justice.

## B. Convenience of the Parties and Witnesses

The court must consider both the private interest of the parties and the public interest of the court in evaluating the convenience and fairness of the proposed transfer. See Medi USA v. Jobsr Inst. Inc., 791 F.Supp. 208, 210 (N.D.Ill. 1992). Private interests include: (1) plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof in each forum, including the court's power to compel the appearance of unwilling witnesses at trial and the costs of obtaining the attendance of witnesses; and (4) convenience to the parties-specifically their respective residences and abilities to bear the expense of trial in a particular forum. See id.; see generally 15 Charles A. Wright, Arthur R. Miller & E. Cooper, Federal Practice and Procedure §§ 3849-53 (1986).

Considering all of the factors the court finds that transfer is appropriate. First, Plaintiff's determination to file suit in Illinois is not the determinate factor. In certain circumstances a plaintiff's choice of forum is given substantial weight, but it is usually not a dominant factor, see Medi USA, L.P., 791 F.Supp. at 210, and it is not the only factor a court must consider. See Van Holdt v. Husky Injection Molding Systems, Ltd., 887 F.Supp. 185, 188 (N.D.Ill. 1995).

Second, even though Marvel chose Illinois as its forum, the situs of the material events of the case revolve around Texas. Where the chosen forum is not the situs of material events, the chosen forum is entitled to less deference. See Law Bulletin Publishing Co. v .LRP Publications, 992 F.Supp. 1014, 1017 (N.D.Ill. 1998). Modular is a small Texas company that has never done any business in Illinois. The agreements that were made between Modular and a representative for Marvel were made in Texas. All of the transactions between Marvel and Modular occurred in Texas.

Third, the relative ease of access to the sources of proof in Texas, the court's power to compel the appearance of unwilling witnesses at trial, and the costs of obtaining the attendance of witnesses dictate that the court should transfer the case. "With respect to convenience of witnesses, the court must consider the effect of the location of the witnesses on the court's power to compel the appearance of unwilling witnesses at trial and the costs of obtaining the attendance of witnesses." Heller Financial, Inc., 713 F.Supp. at 1130. Modular is a small Texas based company, that maintains all of its records and documents in Texas. The original contract that was signed between the two parties was in Texas. Marvel has an agent working in Texas. The convenience of the witnesses also dictates that the case be transferred to Texas. All of Modular's witnesses are located in Texas. To require the witnesses to testify in the Northern District of Illinois would impose an undue hardship on not only the individuals, but Modular's ability to operate its business. Marvel, on the other hand, is a large company, employing over 400 people. The burden and the ensuing result from requiring witnesses to go to Texas is proportionally minimal.

The fourth factor, convenience of the parties and costs of litigation, also weigh in favor of transferring. A court will not grant a motion to transfer if it will merely shift the inconvenience from one party to another. See Medi USA, L.P., 791 F.Supp. at 211; see also Central States v. White, No. 99 C 1046, 1999 WL 447059, at *2 (N.D. Ill. June 25, 1999). In a case of this nature there will inevitably be a party who must bear the cost of litigation in a distant forum. Medi USA, L.P., 791 F.Supp. at 211. Again, Modular is a small Texas company consisting primarily of two individuals. Requiring Modular to defend a case in the Northern District of Illinois would not only be inconvenient but debilitating. Marvel has all of the necessary resources and abilities to effectively litigate its claims in Texas.

Finally, the public interest factors also weigh in favor of transfer. Public interest factors include the court's familiarity with applicable law and the desirability of resolving controversies in their local. See Symons Corp. v. Southern Farming and Supply Inc., 954 F.Supp. 184, 186 (N.D. Ill. 1997) (citing Von Gelder v. Taylor, 621 F.Supp. 613, 619 (N.D. Ill. 1985)). Even though Illinois law may apply to the contract issues, it would not be problematic for the Texas Federal District Court to apply. See Heller Financial, Inc., 713 F.Supp. at 1131. Additionally, the cause of action arose in Texas. Texas is where the parties initially met and agreed to a contract. Now that the parties disagree about the contract, its terms, and applicability the desirability of resolving this controversy where it arose requires transfer. See Gen 17, Inc. v. Sun Microsystems, Inc., 953 F.Supp. 240, 243 (N.D. Ill 1997)(citing Habitat Wallpaper and Blind, Inc. v. K.T. Scott, Ltd., 807 F.Supp. 470, 474 (N.D. Ill. 1992)).

## C. Interest of Justice

The third element, "the interest of justice," pertains to the "efficient administration of the court system," and is a distinct and "separate component of a § 1404(a) analysis." See Coffey, 796 F.2d at 220-221. In other words, the element may require the court to deny a motion to transfer, even though the court would otherwise find the original forum to be inconvenient for the parties and witnesses. See id. Neither party addresses this element. Furthermore, neither party asserts that there is an overly burdened docket in the Eastern District of Texas. The court finds, the Eastern District of Texas is quite capable of efficiently handling the case before them. Therefore, Modular's motion for transfer is granted.

## III. CONCLUSION

For the reasons stated above, Modular's motion for transfer of venue is granted. The clerk of the court shall transfer the case to the Eastern District of Texas. It is so ordered.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE SR., Judge

DATED: 5/22/07